**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | |
|---|---|
| RICKEY EAVING TUCKER,         ) | |
|                        ) | |
|        Plaintiff,        ) | |
|                        ) | |
|     v.                    ) | No. 1:23-cv-00163-CDP |
|                        ) | |
| ANDREW SKINNER, et al.,      ) | |
|                        ) | |
|        Defendants.      ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on initial review of self-represented Plaintiff Rickey Eaving Tucker's amended complaint. *See* 28 U.S.C. § 1915(e)(2). For the following reasons, the Court will order the Clerk of Court to issue process on Defendants Andrew Skinner, Robyn Merideth, Michael Yaworski, Zack Stevens, Hunter Juden, Christopher Skinner and the Scott County Sheriff's Department.

### Background

On October 2, 2023, the Court entered an order allowing Plaintiff to proceed without prepaying the full filing fee. *See* ECF No. 5. In addition, the Court conducted an initial review of Plaintiff's original complaint. The Court found that the original complaint was subject to dismissal because Plaintiff had sued defendants only in their official capacities without alleging that the civil rights violations arose out of an unconstitutional policy, custom, or failure to train and supervise. Because Plaintiff was proceeding without an attorney and had asserted serious violations, however, the Court allowed him to file an amended complaint. Plaintiff filed his amended complaint, which is now before the Court on preservice initial review under 28 U.S.C. § 1915(e)(2).

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679.

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

**The Amended Complaint**

Plaintiff brings this action on a court-provided prisoner civil rights complaint form for filing claims pursuant to 42 U.S.C. § 1983. He names as Defendants the Scott County Sheriff's Department, Deputy Andrew Skinner, Lieutenant Robyn Merideth, Sergeant Michael Yaworski, Deputy Hunter Juden, and Correctional Officers Zack Stevens and Christopher Skinner. He sues all Defendants in both their individual and official capacities.

Plaintiff states that on March 2, 2022 while he was being held in a holding cell at the Scott County Detention Center, Defendants A. Skinner, Yaworski, Juden, Stevens, C. Skinner, and

Merideth physically assaulted him. He states Defendants dragged him off the top bunk where he had been asleep and onto the bottom bunk. Then they began punching him and electrocuting him with their taser prongs.

Defendants then dragged Plaintiff from the pod into the rotunda. They continued punching him in his head, face, and back, and began kicking him. They "brutally smashed" his front teeth out of his mouth. Then they dragged him down the hallway toward the booking room, where the assault escalated. He states that one deputy twisted Plaintiff's arm behind his back so hard while he was placing Plaintiff into a restraint chair that it dislocated his shoulder.

Plaintiff states that while he was in the restraint chair, Defendants continued to tase him, causing him to defecate and urinate on himself. He was then forced to sit in his feces and urine for many hours. At some point, EMS was dispatched to the jail to remove the taser prongs. They were unable to remove the prongs, however, so Plaintiff was transported to the Missouri Delta Medical Center.

While being treated at the Center, doctors performed an MRI of Plaintiff's head and another MRI of his shoulder. After Plaintiff's release from the Missouri Delta Medical Center, he was transported back to the Scott County Jail without any medication for pain relief.

As to the individual Defendants, Plaintiff alleges that A. Skinner tased him more than twenty times, punched him repeatedly in the face, and knocked his teeth out. He also kicked Plaintiff and hit him with his police baton. He pulled Plaintiff's handcuffs up to the back of his head, tearing Plaintiff's chest muscle, rotary cup, and arm ligaments.

Plaintiff alleges Defendant Judan tased him while he was in the pod, then strapped him into the restraint chair and continued to tase him. Judan also assaulted Plaintiff in his pod, in the hallway, rotunda, and booking area.

Plaintiff states Defendant Stevens tased him and beat, punched, and kicked him in the pod, rotunda, hallway, and booking area. Plaintiff states that Stevens initially wore a body camera, but Defendant Judan told Stevens to stop filming.

As for Defendant C. Skinner, Plaintiff states C. Skinner punched and kicked him and forced his handcuffs up causing Plaintiff's shoulder injuries.

Defendant Yaworski tased Plaintiff while he was handcuffed and punched and kicked him. Plaintiff states that Yaworski put him in the restraint chair and continued to assault him.

Plaintiff states that Defendant Merideth also tased, punched, and kicked him while he was handcuffed.

In sum, Plaintiff states:

I was tased over 60 times maybe more. I was punched, kicked, hit with [batons]; my teeth were knocked out[.] I was cut with the pliers. My chest muscles were severely torn, my rotary cup was torn, [and] tendons to my neck [were torn]. My elbows were chipped[,] my feet were stomped, wrist[s] were hurt, [and] fingers, neck, and back.

(Am. Compl. at 12).

As for his allegations against the Scott County Sheriff's Department, Plaintiff states that he regularly hires officers who have had prior disciplinary actions brought against them involving excessive force. He states the Department regularly violates Missouri state statutes by not performing pre-hire background checks on its deputies. Plaintiff also alleges that the Scott County Sheriff's Department fails to adequately train and supervise its deputies. For example, he states it does not provide post-certification gun training, taser training, or crisis intervention team training. He also states that the Scott County Sheriff's Department has a custom to destroy body camera footage involving excessive force and a custom of assaulting and tasing restrained detainees. Finally Plaintiff alleges the Department makes it a custom to "assault and hurt inmates for sport and viewing entertainment."

For relief, Plaintiff seeks compensatory and punitive damages of $12 million for each civil rights violation. He also seeks injunctive relief prohibiting all Defendants from working in law enforcement or as civil servants. Finally, he seeks payment of all of his medical bills.

## Discussion

The Due Process Clause protects pretrial detainees from the use of excessive force amounting to punishment. *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015); *see also Bell v. Wolfish*, 441 U.S. 520, 535 (1979) (stating that "under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law"); and *Smith v. Conway Cty., Ark.*, 759 F.3d 853, 858 (8th Cir. 2014) (stating that "the Due Process Clause prohibits any punishment of a pretrial detainee, be that punishment cruel-and-unusual or not"). Analysis of excessive force claims under the Due Process Clause focuses on whether the defendant's purpose in using force was "to injure, punish, or discipline the detainee." *Edwards v. Byrd*, 750 F.3d 728, 732 (8th Cir. 2014). The Fourteenth Amendment gives state pretrial detainees "rights which are at least as great as the Eighth Amendment protections available to a convicted prisoner." *Walton v. Dawson*, 752 F.3d 1109, 1117 (8th Cir. 2014). Indeed, pretrial detainees are afforded greater protection than convicted inmates in the sense that the Due Process Clause prohibits the detainee from being punished. *Id*.

Liberally construed, the Court finds that Plaintiff has stated a plausible claim of excessive force in violation of the Fourteenth Amendment against Defendants Andrew Skinner, Robyn Merideth, Michael Yaworski, Hunter Juden, Zack Stevens and Christopher Skinner. The Court will order the Clerk of Court to issue process as to Plaintiff's amended complaint on these Defendants in their individual capacities.

The Court will dismiss, however, Plaintiff's claims brought against these individual Defendants in their official capacities. "[A]s a suit against a government official in his official

- 5 -

capacity is functionally equivalent to a suit against the employing governmental entity, a suit against a government official in only his official capacity should be dismissed as redundant if the employing entity is also named." *King v. City of Crestwood, Mo.*, 899 F.3d 643, 650 (8th Cir. 2018). Plaintiff has named as a Defendant the Scott County Sheriff's Department, which employs the individual Defendants, and therefore Plaintiff's official capacity claims against the individual Defendants will be dismissed as redundant.

Additionally, Plaintiff has alleged plausible claims of unconstitutional customs and failure to train and failure to supervise against Defendant the Scott County Sheriff's Department. "[L]ocal governments, like every other § 1983 'person,' by the very terms of the statue, may be sued for constitutional deprivations visited pursuant to governments 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). Liberally construed, Plaintiff alleges the Scott County Sheriff's Department routinely fails to perform pre-hiring background checks on its deputies and makes it a custom to hire deputies with preexisting disciplinary violations involving excessive force. Plaintiff also alleges the Scott County Sheriff's Department has a custom of destroying body camera footage involving use of excessive force, routinely assaults and tases restrained inmates, and fails to adequately train and supervise its deputies.  The Court will order the Clerk of Court to issue process on the Scott County Sheriff's Department by serving a copy of the summons and the amended complaint on its chief executive officer, Sheriff Wes Drury, as required by Federal Rule 4(j)(2)(A).

## Motion to Appoint Counsel

Plaintiff has filed his second motion to appoint counsel. The motion will be denied at this time. In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Rather, a district court may appoint

counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall issue process on Defendants Andrew Skinner, Robyn Merideth, Michael Yaworski, Zack Stevens, Hunter Juden, and Christopher Skinner in their individual capacities by serving them a copy of the summons and the amended complaint in accordance with Federal Rule 4(a).

**IT IS FURTHER ORDERED** that Plaintiff's claims brought in his amended complaint against Defendants Andrew Skinner, Robyn Merideth, Michael Yaworski, Zack Stevens, Hunter Juden, and Christopher Skinner in their official capacities are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process on the Scott County Sheriff's Department by serving a copy of the summons and the amended complaint on its chief executive officer, Sheriff Wes Drury, as required by Federal Rule 4(j)(2)(A).

**IT IS FURTHER ORDERED** that Plaintiff's second motion to appoint counsel is **DENIED without prejudice**. [ECF No. 7]

Dated this 4th day of March, 2024.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE