# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| RICKEY EAVING TUCKER, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:23-cv-00163-CDP |
| ANDREW SKINNER, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants Andrew Skinner, Robyn Merideth, Michael Yaworski, Zack Stevens, Hunter Juden, Ryan Skinner, and the Scott County Sheriff's Department's motions to dismiss.[1] The matters are fully briefed. For the following reasons, Defendants Merideth and the Scott County Sheriff's Department's motion will be granted to the extent it seeks dismissal of Plaintiff's claims against the Scott County Sheriff's Department. The motions will be denied in all other respects.

## Background

Plaintiff is a self-represented litigant who is currently incarcerated at the Boonville Correctional Center in Boonville, Missouri. The events described in his amended complaint occurred while he was being held in the Scott County Detention Center. On September 22, 2023, he filed this civil action pursuant to 42 U.S.C. § 1983, alleging Defendants used excessive force in violation of his Eighth Amendment rights.

---

[1] Plaintiff named Christopher Skinner as a defendant in his complaint. In their motion to dismiss, Defendants refer to this Defendant as Ryan Skinner. The Court will order the Clerk of Court to change this Defendant's name on the docket sheet to Ryan Skinner.

Because Plaintiff is proceeding in forma pauperis, the Court reviewed his amended complaint under 28 U.S.C. § 1915. Based on that review, the Court issued process on all Defendants. On April 2, 2024, Defendants Merideth and the Scott County Sheriff's Department filed a motion to dismiss. (ECF No. 18). On May 16, 2024, Defendants Andrew Skinner, Michael Yaworski, Zack Stevens, Hunter Juden, and Ryan Skinner filed a motion to dismiss. (ECF No. 35).

## Legal Standard for a Motion to Dismiss

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may assert as a defense the plaintiff's "failure to state a claim upon which relief can be granted." To survive a motion to dismiss for failure to state a claim, a plaintiff's allegations must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility requirement is satisfied when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *In re SuperValu, Inc.*, 925 F.3d 955, 962 (8th Cir. 2019).

The reviewing court accepts the plaintiff's factual allegations as true and draws all reasonable inferences in favor of the nonmoving party. *Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017). However, "[c]ourts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level." *Id.* The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff has presented "enough facts to state a claim to relief that is plausible on its face." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

When evaluating whether a pro se plaintiff has asserted sufficient facts to state a claim, a pro se complaint, however inartfully pleaded, is held to less stringent standards than formal pleadings drafted by lawyers. *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014). "[I]f the essence

of an allegation is discernible...then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).

## Discussion

In their motion, Defendants Lt. Robyn Merideth and the Scott County Sheriff's Department state that the Scott County Sheriff's Department is not a suable entity under § 1983. Defendants are correct.[2] The Scott County Sheriff's Department is a department or subdivision of local government, and not a juridical entity, suable as such. *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (affirming dismissal of West Memphis Police Department and West Memphis Paramedic Services because they were "not juridical entities suable as such"); *see also Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (stating that "county jails are not legal entities amenable to suit"); *De La Garza v. Kandiyohi Cty. Jail*, 18 Fed. Appx. 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department as parties because they are not suable entities). For this reason, the Court will grant Defendants' motion to dismiss in part and will dismiss Plaintiff's claims against the Scott County Sheriff's Department for failure to state a claim upon which relief can be granted.

In both motions, Defendants argue that Plaintiff did not exhaust his administrative remedies prior to bringing suit. Plaintiff responds that he filed a grievance regarding the excessive force incident by using the "Homewave" digital kiosk machine located in the housing pods of the jail. *See* ECF No. 39. He intends to file a subpoena for the production of these grievance documents through the discovery process. *See Id.* at 38. Defendants reply that Plaintiff would have to amend

---

[2] The Court's Memorandum and Order dated March 4, 2024 incorrectly stated that Plaintiff had alleged a plausible claim of constitutional violations against the Scott County Sheriff's Department. *See* ECF No. 8 at 6.

his complaint to allege that he filed a grievance regarding excessive force. And, even if he did, Defendants state the he has not identified "any steps taken to appeal the decision regarding any excessive force grievance." ECF No. 42 at 3.

The Prison Litigation Reform Act (PLRA) provides that a prisoner cannot bring an action under 42 U.S.C. § 1983 without first exhausting available administrative remedies. *See* 42 U.S.C. § 1997e(a). Under the PLRA, exhaustion is mandatory and is a prerequisite to bringing a federal suit. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). This is true regardless of the relief offered by administrative procedures. *Booth v. Churner*, 532 U.S. 731, 741 (2001). Moreover, the exhaustion requirement requires proper exhaustion, which entails completion of the administrative review process in accordance with applicable procedural rules, including deadlines. *Woodford v. Ngo*, 548 U.S. 81, 93-103 (2006).

Exhaustion, however, is an affirmative defense under the PLRA, and "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007); *see also Minter v. Bartruff*, 939 F.3d 925, 928 (8th Cir. 2019) ("Failure to exhaust is an affirmative defense under the PLRA; inmates are not required to specially plead or demonstrate exhaustion in their complaints"); *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005) ("The PLRA's exhaustion requirement is not a heightened pleading requirement…This circuit considers the PLRA's exhaustion requirement to be an affirmative defense that the defendant has the burden to plead and prove").

As discussed above, Plaintiff is not required to plead or demonstrate exhaustion in his complaint. Defendants have the burden of proof, and they have not met this burden. There is no evidence that Plaintiff did not include his excessive force claim in his grievance. Thus, it is unclear at this stage of the proceedings whether Plaintiff has failed to exhaust his administrative remedies. The Court will therefore deny Defendants' motions to dismiss on this basis.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Scott County Sheriff's Department and Lt. Robyn Merideth's motion to dismiss is **GRANTED in part** and **DENIED in part**. The motion is **GRANTED** to the extent it seeks dismissal of Plaintiff's claims against Defendant the Scott County Sheriff's Department and **DENIED** in all other respects. [ECF No. 18]

**IT IS FURTHER ORDERED** that Defendants Andrew Skinner, Ryan Skinner, Michael Yaworski, Zack Stevens, and Hunter Juden's motion to dismiss is **DENIED**. [ECF No. 35]

**IT IS FURTHER ORDERED** that the Clerk of Court shall change the docket sheet to replace the name Christoper Skinner with Ryan Skinner.

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 5th day of November, 2024.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE